IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV201-MU-02

| | |
|---|---|
| **TYRONE LEWIS TUCKER,** )<br>    **Plaintiff,** )<br>)<br>    **v.** )<br>)<br>**DOCTOR LAURIE BUMGARNER, Head** )<br>  **Doctor at the Lincoln Coun-** )<br>  **ty Detention Center,** )<br>    **Defendant.** )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed May 10, 2005.

In the instant Complaint, the plaintiff alleges that the defendant has ignored his "serious medical needs" by refusing his April 24, 2005 request for an appointment with an eye doctor based upon his complaint that his "eyes [were] hurting really bad." Based upon this allegation, the plaintiff seems to believe that his Constitutional rights have been violated and he is entitled to judicial relief.

However, according to the Court's review of its own records, it has been determined that the plaintiff is a "frequent-filer" in this Court. Indeed, in 2002, the plaintiff filed a Civil rights action complaining about the prices at the jail canteen, which action the Court dismissed on December 17, 2002 for his failure to state a claim for relief (see 3:02CV516). Later in 2002, the plaintiff filed his second case, essentially raising

the same allegations as in his first Complaint. Not surprisingly, then, such second Complaint also was dismissed as frivolous on April 29, 2003 (see 3:02CV532). Then, in 2003, the plaintiff returned to this Court on yet his third frivolous civil rights Complaint. Accordingly, on September 23, 2003, that case was dismissed as frivolous (see 3:03CV173).

Now, the plaintiff has returned to this Court on the instant Complaint. Nevertheless, relevant law makes it clear that "in no event shall a prisoner bring a civil action . . . if the prisoner has on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in federal court that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon relief could be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

Suffice it to say, the plaintiff has failed to demonstrate such an imminent danger by virtue of his allegations. Accordingly, this action shall be **DISMISSED**. <u>Moreover, the plaintiff is admonished that if he continues to attempt to file frivolous actions in this Court, he could be subjected to monetary sanctions</u>.

**SO ORDERED.**

2

**Signed: May 16, 2005**

*[Signature: Graham C. Mullen]*

Graham C. Mullen
Chief United States District Judge